Alexander R. Malbin, Esq. (AM9385)
FERDINAND IP, LLC
450 Seventh Avenue, Suite 1300
New York, NY 10123
Telephone: (212) 220-0523
Fax: (203) 905-6747
Email: AMalbin@FIPLawGroup.com

*Attorney for Plaintiff,*
*ERIC JOHNSON*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC JOHNSON,<br><br>                Plaintiff,<br><br>- against -<br><br>BLAVITY, INC.,<br><br>                Defendant. | Civil Action No. 1:21-cv-966<br><br>**COMPLAINT** |

### **COMPLAINT**

Mr. Eric Johnson (hereinafter "Plaintiff"), by and through his undersigned counsel, for his Complaint against Blavity, Inc. ("Defendant"), states and alleges as follows:

1. Plaintiff is professional photographer and artist based in New York City.

2. Upon information and belief, Defendant owns and operates the website www.shadowanddact.com (hereinafter, "Defendant's Website"), and the Twitter social media page operated under the identifying handle @shadowandact, publicly accessible at the URL https://www..twitter.com/shadowandact (hereinafter, "Defendant's Twitter Page").

3. Without permission or authorization from Plaintiff, Defendant copied, modified, distributed, displayed, and falsified copyright management information with respect to, an

original copyright-protected photograph of the recording artists Notorious B.I.G. & Faith Evans created and exclusively owned by Plaintiff (the "Photograph At Issue," reproduced at Exhibit 1 hereto) on Defendant's Website and Defendant's Social Media Page, in willful violation of Plaintiff's rights under the United States copyright laws.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). This action arises from Defendants' unauthorized and unlawful reproduction, distribution, and public display of a copyrighted photograph owned by Plaintiff (reproduced at Exhibit 1), in willful infringement of Plaintiff's U.S. Copyright Registration No. VA 1-929-530 (the certificate of registration for which is attached at Exhibit 2), and falsification of copyright management information in connection therewith.

5. This Court has subject matter jurisdiction over Plaintiff's copyright claims pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental subject matter jurisdiction over Plaintiff's contract claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant engages in continuous and systematic business activities in the State of New York, and/or regularly solicits business in New York and derives substantial revenue from interstate commerce, and/or has purposely directed substantial activities at the residents of New York by means of Defendant's Website and Defendant's Social Media Page and derives substantial revenue from interstate commerce.

7. Venue is proper under 28 U.S.C. § 1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events giving rise to the causes of action alleged herein occurred in this Judicial District.

**THE PARTIES**

8. Plaintiff Eric Johnson is a resident of New York County, New York.

9. Upon information, Defendant Blavity, Inc. Delaware corporation with a principal place of business at 600 Wilshire Blvd., Suite 1650, Los Angeles, California, 90017.

**FACTUAL ALLEGATIONS**

**A.   THE PLAINTIFF AND HIS ORIGINAL, COPYRIGHT-REGISTERED PHOTOGRAPH OF NOTORIOUS B.I.G. & FAITH EVANS**

10. Plaintiff is an award-winning photographer and artist whose work includes photographic portraits of musicians and artists. He is a citizen of the State of New York and resides in the Borough of Manhattan.

11. A major focus of Plaintiff's work is photographic portraiture. Plaintiff has been producing iconic photographic portraits of a wide, diverse group of musicians, artists, celebrities, personalities, and everyday individuals for over thirty years. His photographs have been published in countless books, magazines, newspapers and periodicals, used as cover artwork for music albums, and shown in gallery shows.

12. Plaintiff has developed a pristine reputation over his career for his timeless creative vision, masterful instinct for lighting, angles, and perspective, and unfailing ability to put his subjects at ease in front of the camera, all of which has translated to his consistent production of photographic portraits of the highest caliber throughout his thirty-year career.

13. Plaintiff is the legal and beneficial owner of a vast number of his original photographs, certain of which he has licensed and/or sold, and many of which he has not licensed or sold and instead has maintained in his private personal archive since their creation. Plaintiff has invested significant time, money, resources and manpower over his distinguished and longstanding career in building and maintaining his personal photograph archive.

14. In July 1995, Plaintiff shot a series of photographs of the recording artists Notorious B.I.G. and Faith Evans on commission for Vibe Magazine (the "BIG/Evans Photographs"). The BIG/Evans Photographs include, among others, the Photograph At Issue in this action.

15. Plaintiff offered to license the BIG/Evans Photographs to Vibe Magazine for distribution to the public in its print magazine on or about July 25, 1995. Vibe Magazine thereafter licensed from the Plaintiff the right to publish certain of the BIG/Evans Photographs – including the Photograph At Issue, which it published as the cover photo of its print magazine (*see* Exhibit 3).

16. During his photo shoot with Notorious B.I.G. & Faith Evans, Plaintiff utilized his talents, expertise, and creative vision to capture a number of timeless shots of the stars – including in particular, the Photograph At Issue, which over the years have become has become perhaps the most enduring image of Notorious B.I.G. & Faith Evans taken together before his death among the public and their devoted fans.

17. Plaintiff is and has been the sole owner of all copyright rights in all of the BIG/Evans Photographs (including, without limitation, the Photograph At Issue) at all times since their creation. None of the BIG/Evans Photographs (including, without limitation, the Photograph At Issue) were produced as works-made-for-hire. Plaintiff has not assigned or otherwise transferred his copyrights in any of the BIG/Evans Photographs (including, without limitation, the Photograph At Issue) to any other person or entity.

18. Plaintiff has secured a U.S. copyright registration covering each of the BIG/Evans Photographs (including, without limitation, the Photograph At Issue), the certificate of registration for which is attached hereto at Exhibit 2.

**B.     THE DEFENDANT AND ITS BUSINESS OPERATIONS**

19.     Upon information and belief, according to its corporate website, www.blavityinc.com, Defendant is a technology and digital media company that operates itself as "home to the largest network of

20.     Upon information and belief, Defendant's business operations include ownership and operation of online platforms under the media brand Shadow & Act – including Defendant's Website, www.ShadowAndAct.com, and Defendant's Twitter Page, operated under the identifying handle @ShadowAndAct (and publicly accessible at https://twitter.com/shadowandact).

21.     Upon information and belief, according to its corporate website, www.blavityinc.com, Defendant's Website has a reach of over 500,000 users. (*See* https://blavityinc.com/brands, accessed February 3, 2021.)

22.     Upon information and belief, Defendant's Twitter Page has over 82,000 followers. (*See* https://twitter.com/shadowandact, accessed February 3, 2021.)

23.     Upon information and belief, Defendant operates Defendant's Website and Defendant's Twitter Page as a vehicle for advertising, marketing, promoting, and publicizing its services to the public throughout the United States, including to persons in the State of New York and this Judicial District.

24.     Upon information and belief, Defendant reaps substantial monetary, promotional, and other non-monetary benefits from its operation of Defendant's Website and Defendant's Twitter Page.

25.     Upon information, Defendant is responsible for all of the content (including, without limitation, photographic images) publicly displayed on Defendant's Website and

Defendant's Twitter Page.

26. Upon information and belief, Defendant takes an active role in selecting content to appear on the Defendant's Website and Defendant's Twitter Page by, *inter alia*, reproducing, publicly displaying, and distributing photographic images on Defendant's Website and Defendant's Twitter Page; employing moderators, administrators, and editors ("Employees") who, within the scope of their employment, select and control content – including photographic images – to be reproduced, publicly displayed, and distributed on Defendant's Website and Defendant's Twitter Page; and directing, controlling, ratifying, and/or participating in such Employees' selection of photographic images for Defendant's Website and Defendant's Twitter Page.

27. Upon information and belief, Defendant's Website and Defendant's Twitter Page, and the content published thereon, are distributed to, and viewed by, hundreds of thousands of persons located throughout the United States, including in the State of New York and this Judicial District.

28. Upon information and belief, Defendant provides technological capabilities on Defendant's Website and Defendant's Twitter Page by which users can reproduce and distribute content, including but not limited to photographic images, displayed and/or distributed thereon.

29. Upon information and belief, Defendant profits and reaps substantial financial and promotional benefits from its ownership and operation of Defendant's Website and Defendant's Twitter Page and, specifically, from the reproduction, distribution, and public display of photographic images on Defendant's Website and Defendant's Twitter Page.

30. Upon information and belief, Defendant is a serial infringer of copyrighted photographs, having been sued for copyright infringement based on allegedly infringing uses of

photographs on its online platforms at least four times since September 2020.[1]

## C. DEFENDANT'S CONTINUING, WILLFUL VIOLATIONS OF PLAINTIFF'S COPYRIGHT RIGHTS IN AND TO THE PHOTOGRAPH AT ISSUE

31.     Upon information and belief, at all times relevant to this dispute, Defendant has owned and operated Defendant's Website and Defendant's Twitter Page, and has been responsible for all of the content – including, without limitation, all of the photographic images – reproduced, distributed, and publicly displayed on Defendant's Website and Defendant's Twitter Page.

32.     Upon information and belief, and as evidenced by the true and correct screen captures of Defendant's Website and Defendant's Twitter Page created on the date of the filing of this Complaint reproduced at Exhibits 4 & 5 hereto, Defendant and/or Defendant's Employees have willfully infringed Plaintiff's copyright rights in and to the Photograph At Issue by reproducing, distributing, and publicly displaying such photograph on Defendant's Website and Defendant's Twitter Page without valid license or authorization.

33.     Upon information and belief, and as evidenced by the true and correct screen capture of Defendant's Website reproduced at Exhibit 4 hereto, Defendant and/or Defendant's Employees willfully falsified copyright management information in connection with its aforementioned infringing use of the Photograph At Issue by placing a false gutter credit directly beneath the Photograph At Issue, reading "Photo Credit: S & A" (with "S & A", upon information and belief, referring to Defendant's shadow & Act brand), thereby falsely identifying itself as the author and/or copyright-owner of the Photograph At Issue and/or falsely

---

[1] *See Keatler v. Blavity Inc.*, No. 2:20-cv-08160-RSWL-SK (C.D. Cal.); *Dermansky v. Blavity, Inc.*, No. 2:20-cv-08458-SB-AGR (C.D. Cal.); *Pix Int'l, LLC v. Blavity, Inc.*, No. 2:20-cv-08531-RGK-AS (C.D. Cal.); *Mockingbird38, LLC v.Blavity, Inc.*, No. 2:20-cv-11667-MWF-JEM (C.D. Cal.).

representing that it possesses copyright rights in such photograph, with the intent of indicating that its use of the Photograph At Issue was not infringing.

34. Upon information and belief, and as evidenced by the true and correct screen capture of Defendant's Website reproduced at Exhibit 4 hereto, Defendant and/or Defendant's Employees also willfully falsified copyright management information in connection with its aforementioned infringing use of the Photograph At Issue by placing a false photo credit at the conclusion of the article in connection with which the Photograph At Issue is displayed, reading "Photo: Getty Images" (with "Getty Images", upon information and belief, referring to the stock photography agency Getty Images, Inc. [www.gettyimages.com]), thereby falsely identifying Getty Images as author and/or copyright-owner of the Photograph At Issue and as having licensed or authorized Defendant's use of the Photograph At Issue, with the intent of indicating that its use of the Photograph At Issue was not infringing.

35. Defendant has never been validly licensed, authorized, or given permission by Plaintiff or any authorized agent to engage in any use of the Photograph At Issue, or to attribute the Photograph At Issue or any third party.

36. Defendant had no good-faith reason to believe that its uses of the Photograph At Issue on Defendant's Website and Defendant's Twitter Page were licensed or authorized by Plaintiff, any authorized agent, or the law. Accordingly, Defendant knew or should have known that its use of the Photograph At Issue constitutes copyright infringement.

37. Plaintiff, through undersigned counsel, has sought to resolve Defendant's infringements by making numerous cease-and-desist demands to Defendant. However, Defendant has not responded to any of our communications in any manner, and the infringing copies of Plaintiff's Photograph At Issue remain publicly displayed (accompanied by false photo

8

credits in the case of the copy on Defendant's Website) and available for further reproduction and distribution on Defendant's Website and Defendant's Twitter Page as of the filing of this Complaint.  Accordingly, Plaintiff requires this Court's intervention to put a stop to Defendant's continued willful infringements of his copyrights and vindicate his legal rights under the Copyright Act.

38. Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges to the Photograph At Issue, and obtained the appropriate certificates of copyright registration, U.S. Copyright Reg. No. VA 1-929-530 (attached hereto at Exhibit 2).

39. Upon information and belief, Defendant engaged in its illicit uses of the Photograph At Issue forming the basis of this Compliant knowingly of, and with reckless disregard for, Plaintiff's rights, and was aware (and/or should have been aware) that its unauthorized uses of the Photograph At Issue constitute violations of the copyright laws of the United States.

40. Upon information and belief, Defendant and/or Defendant's Employees purposely reproduced, distributed, and publicly displayed the Photograph At Issue on Defendant's Website and Defendant's Twitter Page with knowledge of its renown among the public and the devoted fans of Notorious B.I.G., with the intention of attracting user traffic to Defendant's Website and Defendant's Twitter Page, and thereby increasing the promotion and publicity of Defendant's services.

41. Upon information and belief, Defendant engaged in its illicit uses of Plaintiff's Photograph At Issue for the purpose of profiting and benefiting therefrom.

42. As a result of Defendant's illicit acts described herein, Plaintiff has been

substantially harmed, including, but not limited to, loss of licensing fees, opportunities, sales, profits, and benefits, diminution of the value of his copyright rights in the Photograph At Issue, erosion of the marketing and licensing value of the Photograph At Issue, and injury to Plaintiff's goodwill and reputation, all in amounts to be determined at trial.

43.     Plaintiff has no adequate remedy at law.  Defendant's illicit acts described above have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff.

## FIRST COUNT
### *Direct Copyright Infringement*

44.     Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

45.     At all times herein, Plaintiff has been and is still the owner, and proprietor of all right, title and interest in and to the Photograph At Issue.  The Photograph At Issue is an original, creative work of Plaintiff's authorship and constitutes copyrightable subject matter.

46.     Plaintiff has complied in all respects with Title 17 of the United States Code, including obtaining a certificate of copyright registration for the Photograph At issue (*see* Exhibit 2).

47.     Plaintiff has not licensed, authorized, or given permission to Defendant to use the Photograph At Issue in any manner, nor has Plaintiff assigned any of his exclusive rights in his copyrights in the Photograph At Issue to Defendant.

48.     Upon information and belief, without permission or authorization from Plaintiff, Defendant reproduced, distributed, and publicly displayed the Photograph At Issue on Defendant's Website and Defendant's Twitter Page.  Defendant's reproduction, distribution, and display of the Photograph At Issue on Defendant's Website and Defendant's Twitter Page violates Plaintiff's exclusive rights under the U.S. Copyright Act, 17 U.S.C. § 106, and

constitutes willful infringement of Plaintiff's copyrights in and to the Photograph At Issue.

49. Upon information and belief, thousands of people throughout the United States and worldwide have viewed the infringing reproductions of the Defendant's Website and Defendant's Twitter Page.

50. Upon information and belief, at all times relevant, Defendant had knowledge of the copyright infringements alleged herein, and knowingly and willfully carried out its infringing activities despite being aware of Plaintiff's rights in and to the Photograph At Issue.

51. As a direct and proximate result of Defendant's aforementioned infringing acts, Plaintiff has been substantially harmed, in an amount to be proven at trial.

52. As a direct and proximate result of Defendant's aforementioned infringing acts, Defendant has obtained direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

## SECOND COUNT
### *Vicarious Copyright Infringement*

53. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

54. Upon information and belief, at all times relevant, Defendant has had the legal right and practicable ability to supervise, control, limit, and stop its Employees from engaging in the infringing reproductions, distributions, and public displays of the Photograph At Issue on Defendant's Website and Defendant's Twitter Page described in this Complaint, and yet declined to exercise such right and ability.

55. Upon information and belief, at all times relevant, Defendant has had the practicable ability to supervise, control, limit, and stop the infringing activities of its Employees during their process of reproducing, distributing, and publicly displaying photographic images on

Defendant's Website and Defendant's Twitter Page to ensure that such activities did not involve infringement of Plaintiff's copyrights in and to the Photograph At Issue, and yet has permitted such Employees to engage in unauthorized reproduction, distribution, and public display of the Photograph At Issue.

56. Upon information and belief, as a direct and proximate result of Defendant's failure and/or refusal to exercise its right to stop or limit its Employees' infringements of the Photograph At Issue on Defendant's Website and Defendant's Twitter Page, Defendant's Employees have infringed Plaintiff's rights in and to the Photograph At Issue.

57. Upon information and belief, Defendant's refusal to exercise its right to stop or limit its Employees' infringing uses of the Photograph At Issue has been willful, purposeful, and in complete disregard for Plaintiff's rights.

58. As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit its Employees' infringing uses of the Photograph At Issue, Plaintiff has been substantially harmed in an amount to be proven at trial.

59. As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit its Employees' infringing uses of the Photograph At Issue, Defendant has obtained direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

### THIRD COUNT
#### *Inducement of Copyright Infringement*

60. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

61. Upon information and belief, users who access Defendant's Website and Defendant's Twitter Page that Defendant owns, operates, distributes, and promotes, have been provided by Defendant with technological means to directly infringe, and have directly infringed,

Plaintiff's copyrights in and to the Photograph At Issue, by creating, distributing, and publicly displaying unauthorized reproductions thereof using "retweet"/ "share" functions provided on Defendant's Website and Defendant's Twitter Page.

62. By its aforementioned activities, Defendant has induced, caused, and/or materially contributed to infringements of the Photograph At Issue by persons who access Defendant's Website and Defendant's Twitter Page.

63. Upon information and belief, Defendant had knowledge that its aforementioned activities would induce, cause, and/or materially contribute to infringements of the Photograph At Issue by persons who access Defendant's Website and Defendant's Twitter Page.

64. Defendant's aforementioned activities have been willful, intentional, purposeful, and in complete disregard of Plaintiff's rights, and has caused substantial damage to Plaintiff.

65. As a direct and proximate result of Defendant's aforementioned infringing acts, Plaintiff has been substantially harmed in an amount to be proven at trial.

66. As a direct and proximate result of Defendant's aforementioned infringing acts, Defendant has obtained direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

### FOURTH COUNT
*False Copyright Management Information (17 U.S.C. § 1202[a] et seq.)*

67. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

68. Upon information and belief, Defendant violated 17 U.S.C. § 1202(a) *et seq.* by providing and distributing copyright management that is false knowingly and with the intent to induce, enable, facilitate, or conceal infringement.

69. Upon information and belief, Defendant violated 17 U.S.C. § 1202(a) *et seq.* by

placing a false gutter photo credit beneath its unauthorized public display of the Photograph At Issue on Defendant's Website reading "Photo Credit: S & A", thereby falsely identifying its brand Shadow & Act (rather than Plaintiff) as author and/or copyright owner of such photograph and/or falsely representing that it possesses copyright rights in such photograph, with the intent of concealing that its use of the Photograph At Issue was of an infringing nature (*see* Exhibit 4).

70. Upon information and belief, Defendant violated 17 U.S.C. § 1202(a) *et seq.* by placing a false photo credit at the end of its article in connection with which the Photograph At Issue is displayed on Defendant's Website reading "Photo: Getty Images", thereby falsely identifying Getty Images as author and/or copyright-owner of the Photograph At Issue and as having licensed or authorized Defendant's use of the Photograph At Issue, with the intent of in concealing that its use of the Photograph At Issue was of an infringing nature (*see* Exhibit 4).

71. Upon information and belief, thousands of people have viewed Defendant's false photo credits falsely attributing the Photograph At Issue to its own brand and Getty Images.

72. Upon information and belief, Defendant's aforementioned activities in violation of 17 U.S.C. § 1202(a) *et seq.* were willful, reckless, and/or with knowledge, and carried out knowing and intending that its actions would induce, enable, facilitate, or conceal an infringement of Plaintiff's copyright rights.

73. As a direct and proximate result of Defendant's aforementioned illicit acts, Plaintiff has been substantially harmed in an amount to be proven at trial.

74. As a direct and proximate result of Defendant's aforementioned illicit acts, Defendant has obtained direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against Defendant, finding that Defendant has directly and vicariously infringed Plaintiff's U.S. Copyright Registration No. VA 1-929-530 in violation of the U.S. Copyright Act, 17 U.S.C. § 501 *et seq.*, and provided and/or distributed false copyright management information in violation of the U.S. Copyright Act, 17 U.S.C. § 1202 *et seq.*, and awarding Plaintiff monetary and injunctive relief as follows:

    A.    All damages sustained by Plaintiff in consequence of the infringements of Plaintiff's rights in and to the Photograph At Issue committed by Defendant and/or by Defendant's Employees with respect to whom Defendant failed and/or refused to exercise its legal right and practicable ability to stop or limit such infringements, as well as all gains, profits, and advantages realized by Defendant from said infringements, in amounts to be proven at trial and all increased to the maximum extent permitted by law; or in the alternative, at Plaintiff's election prior to entry of final judgment, statutory damages pursuant to 17 U.S.C. § 504(c), increased to the maximum extent permitted by law;

    B.    All damages sustained by Plaintiff in consequence of the violations of Plaintiff's rights in and to the Photograph At Issue committed by Defendant under 17 U.S.C. § 1202 *et seq.*, as well as all gains, profits, and advantages realized by Defendant from said violations, in amounts to be proven at trial and all increased to the maximum extent permitted by law; or in the alternative, at Plaintiff's election prior to entry of final judgment, statutory damages pursuant to 17 U.S.C. § 1203(c)(3), increased to the maximum extent permitted by law;

    C.    A permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendant as well as its agents, servants, employees, representatives, parent companies, subsidiaries, successors

and assigns, as well as all persons, firms, and corporations in active concert or participation with any of them, from directly or indirectly infringing Plaintiff's U.S. Copyright Registration No. VA 1-929-530;

      D.     Plaintiff's reasonable attorneys' fees incurred in connection with this action pursuant to 17 U.S.C. § 505;

      E.     Plaintiff's full costs incurred in connection with this action pursuant to 17 U.S.C. § 505; and,

      F.     Such other and further relief that the Court determines to be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Dated: New York, New York
        February 3, 2021

By: _____
Alexander Malbin, Esq. (AM9385)
FERDINAND IP, LLC
450 Seventh Avenue, Suite 1300
New York, NY 10123
Telephone: (212) 220-0523
Fax: (203) 905-6747
Email: AMalbin@FIPLawGroup.com

*Attorney for Plaintiff*
*ERIC JOHNSON*